Stacy Thomsen (SBN 274282)
sthomsen@darroweverett.com
Michael Burke (*pro hac vice forthcoming*)
mburke@darroweverett.com
DARROWEVERETT LLP
1 Turks Head Place
Suite 1200
Providence, RI 02903
P: 401-453-1200
F: 401-453-1201

Attorneys for Plaintiff
DESIGNTECHNICA CORPORATION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGNTECHNICA CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>SWIGART LAW GROUP, APC and Thirty-Six (36) Of Its Putative Clients,<br><br>Defendants. | Case No. 24CV1054-W-AHG<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hon. Thomas Whalen<br><br>DATE: September 23, 2024<br>TIME: Oral Argument Requested<br>CRTRM: C3 |

## TABLE OF CONTENTS

**INTRODUCTION**……………………………………………………………… 1

**RELEVANT FACTUAL BACKGROUND**……………………………………… 3

**LEGAL STANDARD**……………………………………………………….. 4

**ARGUMENT**

    I.    This Court Has Original Jurisdiction Over This Lawsuit…………… 5

    II.   This Court Should Aid In Arbitration By Enforcing The Terms as Agreed Between the Parties…………………………………………. 6

        A. The Terms Mandate Arbitration Proceed in Oregon Under Oregon Law…………………………………………………… 8

        B. The Terms of Use Specifically Allow A Party to Seek Public Injunctive Relief……………………………………….. 10

    III.  Swigart Law Group, APC is a Proper Party to this Lawsuit………… 12

**CONCLUSION**……………………………………………………………… 13

# TABLE OF AUTHORITIES

**Cases**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) ……………………………………………… 7, 10

*Century Surety Company v. J. Quinn Construction*,
    2010 WL 330246, (C.D.Cal. Jan. 20, 2010) ………………………… 5, 6

*Feldman v. 1100 Park Lane Assocs.*,
    160 Cal. App. 4th 1467 (2008) …………………………………….. 12

*Ferguson-Kubly Indus. Services, Inc. v. Circle Environmental, Inc.*,
    409 F. Supp. 1072 (E.D. Wisc. Jan. 18, 2006) …………………….. 7

*Gov't Employees Ins. Co. v. Dizol*,
    133 F. 3d 1220 (9th Cir. 1998) ……………………………………. 6

*Hunt v. Wash. State Apple Adver. Comm'n*,
    432 U.S. 333 (1977) ……………………………………………….. 5

*Jolly v. Intuit*,
    485 F. Supp. 3d 1191 (2020) ……………………………………….. 11

*Kimes v. Stone*,
    84 F.3d 1121 (9th Cir. 1996) ………………………………………. 12

*Lamps Plus, Inc. v. Varela*,
    587 U.S. 176 (2019) ………………………………………………. 6

*Stasi v. Inmediata Health Grp. Corp.*,
    501 F. Supp. 3d 898 (S.D. Cal. 2020) …………………………… 4

*Sullivan v. Biter*,
    2018 WL 1989539 (E.D. Cal. Apr. 26, 2018) …………………… 4

*Vimar-Seguros y Reaseguros, S.A. v. M/V Sky Reefer*,
    515 U.S. 528 (1995) ………………………………………………. 10

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) …………………………………………………….. 6

**Statutes**

9 U.S.C. § 4……………………………………………………………………….. 2, 7

28 U.S.C. § 1332…………………………………………………………………….. 5

**Rules**

FRCP 12(b)(1) ……………………………………………………………………… 1

FRCP 12(b)(6) ……………………………………………………………………… 1,6

# INTRODUCTION

Plaintiff filed this Action for the purpose of obtaining declaratory relief to require Defendants to abide by the parties' agreement and arbitrate disputes pursuant to the agreed-to applicable law. Instead, Defendants wish to continue their practice of, on the one hand, filing arbitration claims that clearly violate the agreement's choice-of-law provision, while on the other, compelling Plaintiff to arbitrate these violative claims on an individual basis and restrict Plaintiff from obtaining appropriate relief from the Court confirming that the choice-of-law provision is valid and Defendants are required to comply with it when filing arbitration claims pursuant to the same agreement.

Defendants' arguments in support of their Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6) and FRCP 12(b)(1) ("Defendants' Motion") incorrectly assert that Plaintiff has: 1) failed to plead sufficient facts to support subject matter jurisdiction in this lawsuit for declaratory relief because it cannot meet the $75,000 amount in controversy threshold (it has not); 2) refused to arbitrate, despite the fact that Plaintiff's Complaint seeks declaratory relief in aid of arbitration; and 3) requested this Court to determine the arbitrability of Defendants' claims, despite the fact that Plaintiff's Complaint simply seeks an order from this Court in aid of arbitration, requiring Defendants to abide by the agreement between the parties to arbitrate all claims in Oregon under Oregon law and enjoin Defendants from filing arbitration claims in California under CIPA. Defendants' arguments miss the mark.

Instead, Plaintiff's Complaint seeks declaratory relief from this Court in aid of arbitration by validating the Oregon choice of law provision and venue provision contained in Plaintiff's websites' Terms of Use ("Terms"), and more specifically that said provisions are *enforceable* against Defendants Swigart Law Group, APC and Thirty-Six (36) of Its Putative Clients, who continue to ignore certain Terms by filing arbitration claims alleging violations of California law. Despite the arbitrator's ruling in the Bermudez matter that the choice-of-law provision is enforceable and Oregon substantive law applies to the parties' dispute (thus barring any claim under CIPA), Defendants continue to pursue CIPA claims in thirty-five (35) other pending arbitration matters. Defendants apparently intend to attempt to force Plaintiff to obtain similar rulings in each of the remaining 35 arbitrations. But enforcing the choice-of-law provision in each of these arbitrations is untenable as it requires Plaintiff to defend claims in a jurisdiction it never agreed to (and of which it is not a citizen) – and only further demonstrates Defendants' strategy of causing Plaintiff to incur arbitration fees for purposes of obtaining settlement leverage. Plaintiff is simply seeking to enforce its rights under the Terms for arbitration to proceed in Oregon under Oregon law as agreed to by the parties, an issue which is the proper purview of this Court pursuant to 9 U.S.C. § 4. Plaintiff's Complaint is a proper request for declaratory relief and is permitted under the Terms between the parties. As a result, Defendants' Motion to Dismiss should be denied in its entirety.

# RELEVANT FACTUAL BACKGROUND

Defendants acknowledge that the Terms are an enforceable agreement between the parties to arbitrate certain disputes. Defendants' Motion, p. 4. The Terms contain twenty-one sections encompassing the agreement between the parties, including Section 19 Governing Law and Venue.  Complaint, Ex. B.  Despite the clear and conspicuous Oregon choice of law and venue provision in the Terms, in or around April 2023, Defendant Swigart Law Group began filing individual demands for arbitration in California on behalf of its clients, each making identical cookie-cutter allegations of, among other things, violations of the California Invasion of Privacy Act ("CIPA"), a California state statute.  Complaint, ¶ 13.  As of the date of this filing, Defendants have filed 36 individual CIPA claims in arbitration in California.  Complaint, ¶ 14.

Defendants' filing of claims in California is in direct contravention of the clear terms of the agreement to arbitrate in Oregon under Oregon law.  *See* Defendants' Motion Exhibits L-AI.  This is because Defendants' only quantifiable damages arise under the California Invasion of Privacy Act ("CIPA") which mandates a $5,000 per occurrence statutory penalty for violations of the Act, of which there is no Oregon equivalent.  Complaint, ¶¶ 15, 18.  If Defendants filed arbitration demands in Oregon, no such penalty would attach, likely eliminating any damages suffered by Defendants. Therefore, Defendants have been filing frivolous claims in California under CIPA in the hopes of extracting nuisance value settlements given the significant amount of upfront

arbitrations fees[1] that Plaintiff is assessed upon such filing, in addition to the further amounts Plaintiff will be required to spend to defend such frivolous claims under CIPA. Complaint, ¶¶ 13-20.

Defendants cannot and should not be allowed to cherry pick which provisions of the Terms they wish to abide by and those provisions they wish to ignore to force Plaintiff to incur significant arbitration fees to defend claims that are ***explicitly barred*** by the Term's plain language. As further explained below, Plaintiff has brought this lawsuit for declaratory relief in aid of arbitration to enforce the Terms between the parties in their entirety and Defendants' Motion must be denied.

## **LEGAL STANDARD**

When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "[r]eview is limited to the complaint. *Sullivan v. Biter*, No. 115CV00243DADSABPC, 2018 WL 1989539, at *3 (E.D. Cal. Apr. 26, 2018). Although the court generally cannot consider facts outside the complaint in ruling on a Rule 12(b)(6) motion to dismiss…it may consider documents that are referenced in the complaint. *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 907 (S.D. Cal. 2020) (citations omitted).[2]

---

[1] $2,000 per arbitration x 36 arbitration claims = $72,000.00. *See* Defendants' Motion, Invoice Exhibits.

[2] Here, Plaintiff has attached two exhibits to the Complaint that may be considered by the Court in deciding Defendants' Motion. The Court should disregard the 40 exhibits

**ARGUMENT**

**I.   This Court Has Original Jurisdiction Over This Lawsuit.**

A district court has original jurisdiction of all civil actions between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332. Here, the parties are citizens of different states as Plaintiff is a citizen of Oregon and Defendants are all citizens of California. Complaint, ¶¶ 4-6; Defendants' Motion, p. 1. Defendants' Motion alleges Plaintiff cannot meet the amount-in-controversy requirement of $75,000, despite Plaintiff's pleading that the $75,000 threshold is exceeded in this case. Complaint, ¶ 2. Defendants are wrong.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). For example, in *Century Surety Company v. J. Quinn Construction*, the Central District of California held that the value of an insurance company's obligation to defend an insured in an underlying suit is a relevant measure of the amount in controversy in an action for declaratory relief. *Century Surety Company v. J. Quinn Construction,* No. CV 09-06085 DDP (JEMX), 2010 WL 330246, *4 (C.D.Cal. Jan. 20, 2010).

---

attached to Defendants' Motion in determining the merits of Defendants' Motion pursuant to the pleading standard of Rule 12.

Here, using the same logic employed by the Court in *Century Surety*, if Plaintiff is forced to defend the 36 CIPA actions filed in arbitration in California, it is facing at least $70,000[3] in initial filing fees and a minimum of $180,000[4] in damages under CIPA for a total of at least $234,000 in controversy in this lawsuit. Complaint, ¶¶ 14; 18-19. Once subject matter jurisdiction exists, the Court is within its discretion to issue relief under the Declaratory Judgment Act. *See Gov't Employees Ins. Co. v. Dizol*, 133 F. 3d 1220, 1227 (9th Cir. 1998). Clearly, Plaintiff meets the $75,000 threshold based on the CIPA penalties and arbitration fees at issue in this Action and therefore the Court has subject matter jurisdiction here.

## II. This Court Should Aid In Arbitration By Enforcing The Terms as Agreed Between the Parties.

"[P]rivate agreements to arbitrate are enforced according to their terms. Arbitration under the [Federal Arbitration] Act is a matter of consent, not coercion…" *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). "Parties may generally shape such agreements to their liking by specifying with whom they will arbitrate, the issues subject to arbitration, the rules by which they will arbitrate, and the arbitrators who will resolve their disputes. Whatever they settle on, the task for courts and arbitrators at bottom remains the same: 'to **give effect to the intent of the parties**.'" *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184, (2019) (emphasis added)

---

[3] $2,000 per claim x 36 claims = $72,000 - $2,000 paid in Bermudez.
[4] 36 claims x $5,000 per CIPA violation.

(internal citations omitted). A party may therefore petition a United States district court "for an order directing that ... arbitration proceed *in the manner provided for in such agreement*." 9 U.S.C. § 4 (emphasis added). This is because "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). It is well within the discretion of the district courts to decide the validity of a choice-of-law provision even where the arbitration clause refers all disputes related to the agreement to arbitration. *See Ferguson-Kubly Indus. Services, Inc. v. Circle Environmental, Inc.*, 409 F. Supp. 1072, 1081-82 (E.D. Wisc. Jan. 18, 2006) (granting declaratory relief on validity of choice-of-law provision in affirming court's ability to "establish the law applicable to the parties' agreement even though such a determination is arguably within the scope of the parties' agreement to arbitrate"). Here, Plaintiff has not agreed to arbitrate claims brought under California law given that the Terms clearly stipulate that Oregon law shall apply and it is therefore appropriate and within the Court's ability to rule on the choice-of-law provision's validity.

Further, as Defendants' Motion acknowledges, the Terms are an agreement between the parties to arbitrate certain disputes. The Terms contain twenty-one sections outlining the agreement between the parties, including Section 19 Governing Law and Venue. Yet, Defendants continue to ignore Section 19 of the Terms by filing claims in California in direct contravention of the parties' agreement to arbitrate in Oregon under

Oregon law. The Terms create a binding agreement to arbitrate, which Defendants acknowledge, and therefore Defendants cannot cherry pick which provisions of said binding agreement they wish to follow. As a result, Plaintiff has brought this lawsuit for injunctive relief in aid of arbitration to enforce the terms of the agreement between the parties *in its entirety* as Defendants continue to ignore the choice of law and venue provisions of the Terms.

Finally, Defendants' Motion admits that the JAMS arbitrator in the initial and most advanced arbitration proceeding (Bermudez) concurred with Plaintiff's position that Oregon law governs the dispute in a ruling dated April 19, 2024. Defendants' Motion, p. 15; Defendants' Exhibit E. Yet, *despite this ruling*, Defendants continue to pursue their claims for CIPA violations in the remaining arbitration matters. Defendants' Exhibit AH (invoice dated April 26, 2024). As a result, Plaintiff was forced to file this Complaint for Declaratory Relief, which is permitted under Section 18 of the Terms, to prevent the unnecessary expenditure of initial filing fees in cases whose damages are tied directly to a state law that is not available to the parties under the Terms. Complaint, Exhibit B.

**A. The Terms Mandate Arbitration Proceed in Oregon Under Oregon Law.**

The Terms contain a Governing Law and Venue provision that mandates arbitration claims be filed in Oregon and that Oregon substantive law shall apply to the

arbitration. As highlighted in Plaintiff's Complaint, Section 19 of the Terms states the following:

> 19. GOVERNING LAW AND VENUE
> Any dispute arising from these Terms and your use of the Services will be governed by and construed and enforced in accordance with the laws of Oregon, except to the extent preempted by U.S. federal law, without regard to conflict of law rules or principles (whether of Oregon or any other jurisdiction) that would cause the application of the laws of any other jurisdiction. Any dispute between the parties that is not subject to arbitration or cannot be heard in small claims court will be resolved in the state or federal courts of Oregon and the United States, respectively, sitting in Multnomah County, Oregon.

Clearly, the parties intended to be bound by the laws of Oregon. But while Defendants acknowledge that a valid, enforceable arbitration agreement exists between the parties, Defendants have routinely ignored Section 19 of the Terms by filing multiple arbitration demands against Plaintiff in California, including claims that are exclusive to California under the California Invasion of Privacy Act ("CIPA"). CIPA has a $5,000 per violation statutory penalty for any recovery.

Here, in doing so, Defendants are attempting to force Plaintiff to submit to arbitration **<u>in California under California law</u>** contrary to the express terms of the agreement between the parties which clearly states that arbitration *shall* take place **<u>in Oregon under Oregon law</u>**. The Supreme Court has made clear that Plaintiff cannot be forced to arbitrate claims in California under California law when the agreement

between the parties - *which Defendants acknowledge is valid and enforceable*[5] - requires arbitration to take place in Oregon pursuant to Oregon substantive law. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). Further, Defendants' reliance on the Supreme Court's *Vimar Seguros* decision in support of its argument that the choice-of-law question must be decided by the arbitrator is misplaced, as *Vimar Seguros* involved a party's resisting arbitration *altogether*, based in part on an argument that the foreign arbitrator *may* not correctly apply the applicable law. *See Vimar-Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 541 (1995) ("mere speculation that the foreign arbitrators might apply Japanese law which, depending on the proper construction of COGSA, might reduce respondents' legal obligations, does not in and of itself lessen liability …"). In contrast, here Defendants are prosecuting claims that are barred explicitly by the choice-of-law provision.

As a result, Defendants' Motion should be denied in its entirety.

**B.**  **The Terms of Use Specifically Allow A Party to Seek Public Injunctive Relief.**

Section 18 of the Terms allows for a party to seek public injunctive relief, which states in relevant part: "[f]urther, if any part of this Section 18 is found to prohibit an *individual claim seeking public injunctive relief, that provision will have no effect to the extent such relief is allowed to be sought out of arbitration*, and the remainder of this

---

[5] *See* Section II(A) of Defendants' Motion.

Section 16 [sic] will be enforceable." (emphasis added). The relief sought by Plaintiff in this lawsuit "is allowed to be sought out of arbitration" as federal courts have interpreted similar language "to allow courts 'to issue equitable relief in aid of arbitration, [but] not determine the merits of an arbitrable dispute.'" *Jolly v. Intuit*, 485 F. Supp. 3d 1191, 1206 (2020).

In *Jolly*, plaintiff asked the court to declare its rights under an arbitration agreement because it believed that the arbitrator's refusal to send plaintiffs' claims to small claims court violated the arbitration agreement's terms. *Id*. The court agreed with plaintiff and held that the declaratory relief sought will "aid the arbitration, because the state court will provide interpretative guidance regarding how the arbitration should proceed." *Id*.

This is exactly the case here. The Terms allow for a party to seek public injunctive relief, as did the arbitration agreement in *Jolly*. Moreover, Plaintiff is seeking declaratory relief from the Court in "aid of arbitration" because of Defendants' insistence on filing arbitration matters in California with California state claims in direct violation of the arbitration agreement's terms. Defendants cannot force Plaintiff to submit to arbitration any dispute it has not agreed to submit. Declaratory relief with respect to this issue "will provide interpretative guidance regarding how the arbitration should proceed" and is a permissible form of relief. If the Court finds that arbitration must proceed in Oregon under Oregon law, then if Defendants intend to proceed with

their claims, the arbitrations previously filed by Defendants can and will proceed in Oregon.

### III. Swigart Law Group, APC is a Proper Party to this Lawsuit.

Finally, California Civil Code 47(b) was originally designed to limit an individual's potential liability for defamation, but the litigation privilege has since been extended to apply to other ***torts***. *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (emphasis added). "The principal purpose of [the litigation privilege] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by ***derivative tort actions***." *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1485, (2008) (emphasis added).

Here, this is not a tort action but an action for declaratory relief. Therefore, the litigation privilege is not applicable and Defendant Swigart Law Group, APC ("SLG") is a properly named party in this action for declaratory relief. In addition, if SLG is not included as a party in this litigation, any declaratory relief granted by the Court would be limited only to the 36 Claimants now represented by SLG. Nothing would prevent SLG from representing additional clients and employing the same tactics against Plaintiff. Plaintiff seeks to enjoin SLG from filing additional claims in California against Plaintiff based on the same set of facts and Terms here. Such relief would not "impair colorable claims by disrupting access to counsel" because SLG can still represent any future clients with claims against Plaintiff arising out of use of its website as long as any

such claims are brought in Oregon under Oregon law.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,

Date: September 9, 2024    **DARROWEVERETT LLP**

By: */s/ Stacy W. Thomsen*
Stacy W. Thomsen
*Attorney for* Plaintiff Designtechnica Corporation

# **CERTIFICATE OF SERVICE**

I hereby certify that on Monday, September 9, 2024, I electronically filed the foregoing with the Clerk of the Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

By: */s/ Stacy W. Thomsen*
Stacy W. Thomsen, Esq.