UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIGNTECHNICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SWIGART LAW GROUP, APC and Thirty-Six (36) Of Its Putative Clients,<br><br>Defendants. | Case No.:  24-CV-1054 W (AHG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 4]** |

Pending before the Court is Swigart Law Group's ("SLG") motion to dismiss DesignTechnica Corporation's ("DTC") Complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (*Mtn.* [Doc. 4].)  The Court decides the matter on the papers submitted and without oral argument.  *See* CivLR 7.1(d)(1).  For the reasons provided below, the Court **GRANTS** the motion to dismiss based on lack of subject matter jurisdiction.

I. **BACKGROUND**

DesignTechnica ("DTC") is a multimedia company incorporated in Delaware with its principle place of business in Portland, Oregon.  (*Complaint* [Doc. 1] 2, ¶ 2.)  DTC manages two websites pertinent to this lawsuit: www.themanual.com ("the Manual") and

www.digitaltrends.com ("Digital Trends") (collectively "the Websites"). (*Id.* at ¶ 8.) The Manual is described as "the essential guide for men . . . offering a suite of expert guides on a wide range of topics, including fashion, food, drink, travel, and grooming[.]" (*Id.*) Digital Trends is described as a website "that guides consumers to the best products and services available . . . ." (*Id.*)

Upon visiting the Websites, visitors are required to either agree to all the Terms of Use or cease use of the services. (*Id.* at ¶ 9.) Under the Terms of Use, visitors agree that any dispute "will be governed by and construed and enforced in accordance with the laws of Oregon, except to the extent preempted by U.S. federal law . . . ." (*Id.* at ¶ 10.) Further, "[a]ny dispute between the parties that is not subject to arbitration or cannot be heard in small claims court will be resolved in the state or federal courts of Oregon and the United States, respectively, sitting in Multnomah County, Oregon." (*Id.*) The Terms of Use also contain a binding mandatory arbitration provision requiring aggrieved parties to submit to arbitration administered by JAMS. (*Id.* at ¶ 11.)

The present suit arises out of thirty-six separate claims brought on behalf of various claimants (collectively "Claimants") against DTC with JAMS. (*Id.* at ¶¶ 13–14.) DTC alleges that Swigart Law Group has filed various "cookie-cutter allegations of . . . the California Invasion of Privacy Act (CIPA)" in violation of the choice of law provision requiring all disputes to be governed by Oregon substantive law. (*Id.* at ¶¶ 15–17.) DTC argues that Claimants "have suffered no actual damages," are "rely[ing] solely on CIPA's $5,000 . . . statutory penalty for any recovery," and that "SLG is . . . filing large numbers of baseless claims in contravention of the Terms' choice of law provision in an effort to compel DTC . . . to pay to settle claims rather than incur significant arbitration fees." (*Id.* at ¶¶ 18–19.)

In response to the arbitration claims brought with JAMS, DTC has filed the present suit in federal court. Among other things, DTC prays for a declaratory judgment that the Terms of Use and Choice of Law provision are enforceable against SLG and Claimants (collectively "Defendants"), as well as an injunction enjoining present and potential future

CIPA claims arising out of the same facts and circumstances. (*Id.* at 7.) Defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*Mtn.* [Doc. 4].) DTC opposes. (*Opp'n* [Doc. 5].)

## II.　LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Limited jurisdiction means that federal courts can only adjudicate cases that both the Constitution and Congress authorize them to adjudicate, such as those involving diversity of citizenship, a federal question, or where the United States is a party. *Id. See also Ex parte Bollman*, 8 U.S. 75, 94 (1807) ("To enable the court to decide on such question, the power to determine it must be given by written law."). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of subject matter jurisdiction. Because subject matter jurisdiction involves the authority of the court to decide the case, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). Additionally, lack of subject matter jurisdiction may be raised either by the parties or *sua sponte* by the court. *See Washam v. Rabine*, No. 3:12CV2433-GPC-BLM, 2013 WL 1849233, at *1 (S.D. Cal. May 1, 2013).

When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself

the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

DTC does not dispute SLG's assertion that the lawsuit does not invoke federal question jurisdiction. *See* (*Opp'n* at 5–6) (discussing only diversity jurisdiction). Therefore, the only plausible jurisdictional hook is diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship between both parties and an amount-in-controversy exceeding $75,000. *See Agha v. U.S. Small Bus. Admin.*, No. 13-CV-1943-MMA (JMA), 2014 WL 12539701, at *1 (S.D. Cal. Apr. 17, 2014).

The parties also do not dispute that there is complete diversity of citizenship present on both sides of the suit. (*Reply* at 1: 20); (*Opp'n* at 5: 6–12) ("[T]he parties are citizens of different states as Plaintiff is a citizen of Oregon and Defendants are all citizens of California . . . ."). Therefore, the only issue is whether the amount-in-controversy element has been satisfied.

## III. DISCUSSION

A court should not dismiss an action for failure to satisfy the amount-in-controversy requirement unless it appears to a "legal certainty" that a plaintiff's claim is for less than the jurisdictional amount. *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 n. 8 (9th Cir. 2006). To satisfy the amount-in-controversy requirement, the party seeking to invoke the court's jurisdiction must provide evidence that it is more likely than not that the amount-in-controversy satisfies the federal diversity jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Keithly v. Koninklijk Het Friesch Paarden-Stamboek*, No. 13-CV-2532-W WMC, 2013 WL 5739196, at *2 (S.D. Cal. Oct. 22, 2013). Because DTC is attempting to invoke this Court's diversity jurisdiction, they bear the burden of proving the amount-in-controversy exceeds $75,000.

DTC argues that the amount-in-controversy requirement is satisfied because "if Plaintiff is forced to defend the 36 CIPA actions . . . it is facing at least $70,000 in initial filing fees and a minimum of $180,000 in damages under CIPA . . . ." (*Opp'n* at 6: 1–12.)

However, the problem with this argument is that—unless the plaintiff asserts joint and several liability—the general rule is that damages cannot be aggregated among defendants to satisfy the amount-in-controversy requirement. *See Exxon Mobil Corp.*, 545 U.S. at 559 ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement . . . the district court . . . has original jurisdiction . . . ."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1151 (D.N.M. 2015) ("The [] amount-in-controversy requirement . . . must be satisfied as between a single plaintiff and a single defendant . . . a plaintiff cannot aggregate independent claims against multiple defendants . . . . [unless] jointly or severally liable . . . .").

Here, DTC has only argued that the amount-in-controversy is satisfied because of the potential CIPA penalties and arbitration fees. However, the penalties and fees only exceed the jurisdictional amount when *aggregated*, which is improper in this context. While aggregation can be appropriate in cases where defendants are jointly and severally liable, DTC has not made any allegations suggesting that is the case here. Therefore, in calculating the amount-in-controversy, the damages alleged by the defendants will not be aggregated. Using DTC's estimates, the filing fees and CIPA penalty totals about $7,000 per Claimant, falling short of the minimum jurisdictional amount.

Additionally, DTC makes no other arguments or provides any other evidence that the amount-in-controversy has been satisfied. The only other reference to the amount-in-controversy is a recitation in the Complaint that the case exceeds the jurisdictional requirement. (*Complaint* at 2, ¶ 2.) However, a "threadbare recital of the amount-in-controversy element for subject matter jurisdiction [] is insufficient, without more, to establish" subject matter jurisdiction. *Calleros v. Rural Metro of San Diego, Inc.*, No. 317CV00686CABBLM, 2017 WL 9854429, at *1 (S.D. Cal. Apr. 6, 2017). Accordingly, DTC has not satisfied their burden of showing the controversy exceeds $75,000. *See Herko v. FCA US, LLC*, No. 19-CV-2057 JLS (WVG), 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (dismissal

appropriate where plaintiff failed to overcome the presumption against subject matter jurisdiction).

## IV. CONCLUSION

Because DTC has failed to meet their burden in demonstrating that the controversy exceeds $75,000, they have not satisfied the requirements for diversity jurisdiction. Therefore, the Court **GRANTS** SLG's Motion to Dismiss based on lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  December 9, 2024

_____
Hon. Thomas J. Whelan
United States District Judge